# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

THOMAS TROUBLE MAHER,

     Plaintiff,

         v.

EARL TOPPINGS; and RICHARD BUNCH,

     Defendants.

CIVIL ACTION NO.: 6:15-cv-10

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while he was housed at Smith State Prison in Glennville, Georgia. The undersigned has conducted the requisite frivolity review of Plaintiff' Complaint pursuant to 28 U.S.C. § 1915A. Based on that review and for the reasons set forth below, I **RECOMMEND** that Plaintiff's Complaint be **DISMISSED** and that this case be **CLOSED**. In addition, I **RECOMMEND** that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

### STANDARD OF REVIEW

In any civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, Section 1915A requires the Court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1) & (2).

In conducting this initial review, the Court must ensure that a prisoner plaintiff has complied with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. However, in determining compliance, the Court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

In addition, the Court is guided by the Eleventh Circuit Court of Appeals' opinion in Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). In Mitchell, the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at Section 1915A(b). As the language of Section 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to the initial review of prisoner complaints under Section 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted Section 1915(e), its interpretation guides this Court in applying the identical language of Section 1915A. See also Jones v. Bock, 549 U.S. 199, 215 (2007) (dismissal pursuant to Section 1915A(b)(1) for failure to state a claim is governed by the same standards as dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)).

To prevent dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation omitted). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Because "[p]ro se pleadings are

held to a less stringent standard than pleadings drafted by attorneys[,]" they are liberally construed. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006).

PLAINTIFF'S ALLEGATIONS

Plaintiff states he and two (2) other inmates were on lockdown status on July 3, 2012, due to a fight they had with an associate of the "Good Fellas" gang. (Doc. 1, p. 7.) Plaintiff maintains this altercation triggered a series of gang wars, which lasted nearly a week, inside the prison between the Good Fellas and the "Gangster Disciples", of which Plaintiff and the other two (2) inmates were identified as members. Plaintiff asserts the entirety of Smith State Prison was on lockdown as a result of this gang war, during which 20 inmates were stabbed and one (1) inmate was killed. Plaintiff contends, despite these events, Defendants Toppings and Bunch escorted him the next day, while not handcuffed, into an area where rival gang members, who were also not handcuffed, were located. (<u>Id.</u>) Plaintiff also contends that he and the other inmates not being handcuffed was against policy and procedure. Plaintiff asserts he was stabbed in his face and back by members of the Good Fella gang. Plaintiff maintains employees at Smith State Prison were aware of the prison being on lockdown status and why that was the case. Plaintiff seeks to hold Defendants Toppings and Bunch liable because they were deliberately indifferent to his safety and failed to protect him from this assault. (<u>Id.</u> at p. 8.)

DISCUSSION

Plaintiff's Complaint presents procedural bars to this litigation, which the undersigned addresses in turn below.

## I. Plaintiff's Complaint is Barred by Res Judicata

Plaintiff's Complaint in this case is due to be dismissed because it is barred by res judicata, (often called claim preclusion), principles. "Res judicata will bar a later action if the

following requirements are met: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (citing Jang v. United Tech. Corp., 206 F.3d 1147, 1149 (11th Cir. 2000)).

Plaintiff filed a cause of action pursuant to Section 1983 in this Court on June 4, 2014, Maher v. Toppings, et al., Case No. 614-cv-57. In his Complaint, Plaintiff contended Smith State Prison was on lockdown status in July 2012 because of a "gang war" after twenty-five (25) inmates were stabbed and another prisoner was killed. Plaintiff asserted that, despite this status, Defendants Toppings and Bunch opened his cell and took him and his cellmate out of the cell while they were not handcuffed, which was against the rules, policies, and written directives. Plaintiff alleged that he noticed rival gang members were also out of their cells and were not handcuffed. Plaintiff also alleged that he noticed that the tray flaps for the cells of other rival gang members were open. Plaintiff asserted he was assaulted and stabbed in his face and his back. Plaintiff contended all Smith State Prison staff knew that the prison was on lockdown status and why it was on this status. Plaintiff also contended that inmates were not to be in contact with any other inmate, other than their cellmates, while on lockdown and that any inmate being escorted was to be handcuffed. Plaintiff asserted the failure to handcuff him and the other inmates was against the rules and policies. Plaintiff alleged that Defendants Toppings and Bunch were deliberately indifferent to his safety. Complaint, Maher v. Toppings, et al., (S.D. Ga. June 5, 2014), ECF No. 1.

The Magistrate Judge, after setting forth the applicable law for Plaintiff's deliberate indifference claims, recommended Plaintiff's Complaint be dismissed for failure to state a claim

because Plaintiff failed to allege any facts indicating Defendants Toppings and Bunch "acted deliberately and with a callous disregard to any known risk to Plaintiff's safety." Report and Recommendation, <u>Maher v. Toppings, et al.</u>, (S.D. Ga. Aug. 25, 2014), ECF No. 9.[1] <u>Id.</u> at n.1. The Magistrate Judge's Report and Recommendation was adopted as the opinion of the Court, and Plaintiff's complaint was dismissed for failure to state a claim. Order, <u>Maher v. Toppings, et al.</u>, (S.D. Ga. Sept. 29, 2014), ECF No. 9. Judgment was entered closing that case. Judgment, <u>Maher v. Toppings, et al.</u>, (S.D. Ga. Sept. 29, 2014), ECF No. 10.

This Court dismissed Case Number 6:14-cv-57 because Plaintiff failed to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which is a judgment on the merits. <u>Harmon</u>, 263 F. App'x at 845. This Court is a court of competent jurisdiction. The Plaintiff and the named Defendants in this case are the same parties as those in Case Number 6:14-cv-57. The two causes of action are the same, as the allegations contained in Plaintiff's Complaint in this case are virtually word-for-word identical to the allegations he made in his complaint in Case Number 6:14-cv-57. As all of the requirements for res judicata have been met, Plaintiff's Complaint is barred and should be **DISMISSED**.

## II. Plaintiff's Complaint is Barred by the Applicable Statute of Limitations

Even if Plaintiff's Complaint were not barred by res judicata principles, his Complaint would be barred by the applicable statute of limitations. Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." <u>Powell v. Thomas</u>, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury

---

[1] The Magistrate Judge noted that the allegations set forth in Plaintiff's complaint in Case Number 6-14-cv-57 were virtually identical to the allegations he made in Case Number 6:12-cv-97. That case was dismissed without prejudice based on Plaintiff's failure to disclose his previously-filed causes of action. Order, <u>Biggers v. Toppings, et al.</u>, (S.D. Ga. Oct. 22, 2013), ECF No. 54.

actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

Plaintiff was aware of the facts giving rise to his Complaint no later than on July 10, 2012, which is the date Plaintiff asserts he was assaulted by rival gang members. (Doc. 1, p. 7.) However, Plaintiff did not sign his Complaint in this case until January 26, 2015, and it was not filed in this Court until February 5, 2015. (Doc. 1.) On its face, Plaintiff's Complaint is untimely filed pursuant to the applicable statute of limitations period. The Court notes Plaintiff's assertion he filed an informal and formal grievances, (id. at pp. 3–4), which could serve to toll the statute of limitations period.

In Leal v. Ga. Dep't of Corr., 254 F.3d 1276 (11th Cir. 2001), the Eleventh Circuit Court of Appeals "decline[d] to decide in the first instance the legal issue of whether the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a) and the actual exhaustion of remedies by a prisoner will operate to toll the statute of limitations." 254 F.3d at 1280. While the undersigned recognizes that Georgia law does not permit tolling, the undersigned concludes that tolling is the proper course in this case. The applicable statute of limitations period was tolled while Plaintiff pursued his administrative remedies, which was a prerequisite to filing suit because he is imprisoned. Even though the Eleventh Circuit has not addressed this issue directly, other Courts of Appeals agree. Nickolich v. Rowe, 299 F. App'x 725, 725-26 (9th Cir. 2008) (finding that, given California's two-year statute of limitations, a state prisoner's Section 1983 deliberate indifference claim was not barred by the statute of limitations, where the inmate commenced his

prison grievance process immediately after his claim accrued and filed a complaint within two years of completing the mandatory grievance process); Johnson v. Rivera, 272 F.3d 519, 522 (7th Cir. 2001) (holding that a federal court relying on the Illinois statute of limitations in a Section 1983 case must toll the limitations period while a prisoner completes the administrative grievance process); Brown v. Morgan, 209 F.3d 595, 596 (6th Cir. 2000) (concluding that tolling is appropriate while prisoner completes mandatory exhaustion requirements); Harris v. Hegmann, 198 F.3d 153, 157–59 (5th Cir. 1999) (same); see also Quilling v. Humphries, No. 4:10cv404-WS, 2010 WL 4783031, at *1 (N.D. Fla. Nov. 17, 2010) (referring a case back to the magistrate judge because it could not be determined that the statute of limitations necessarily barred the plaintiff's claims); and Baldwin v. Benjamin, No. 5:09-CV-372(CAR), 2010 WL 1654937 (M.D. Ga. Apr. 23, 2010) (recognizing that the Eleventh Circuit has not adopted a rule regarding the effect of exhaustion on tolling, but noting that the exhaustion requirement may operate to toll the statute of limitations).  However, there is nothing before the Court which indicates the exhaustion of Plaintiff's administrative remedies took nearly seven months' time to complete to render this cause of action timely filed.[2]  Thus, Plaintiff's Complaint should also be **DISMISSED** as being barred by the applicable statute of limitations.  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003) ("To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'") (quoting Leal, 254 F.3d at 1280) (alterations in original).

---

[2]  Even if the exhaustion process took this long to complete and that time would have served to toll the applicable statute of limitations, Plaintiff's Complaint still is barred, as discussed in Section I of this Report.

### III.    Leave to Proceed *In Forma Pauperis* on Appeal

The Court should also deny Plaintiff leave to appeal *in forma pauperis.*[3] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. <u>See</u> Fed. R. App. R. 24(a)(1)(A) ("A party who was permitted to proceed *in forma pauperis* in the district-court action, . . ., may proceed on appeal *in forma pauperis* without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith[.]").  An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact."  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002); <u>see</u> <u>also</u> <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis, Plaintiff's potential *in forma pauperis* status on appeal should be **DENIED**, as there are no non-frivolous issues to raise on appeal, and any appeal would not be taken in good faith.

---

[3]  A Certificate of Appealability ("COA") is not required to file an appeal in a Section 1983 action.  <u>See</u> Fed. R. App. P. 3 & 4; <u>Morefield v. Smith</u>, No. 607CV010, 2007 WL 1893677, at *1 (S.D. Ga. July 2, 2007) (citing <u>Mathis v. Smith</u>, No. 05-13123-A (11th Cir. Aug. 29, 2005) (unpublished)).

CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** and this case be **CLOSED**.  It is also my **RECOMMENDATION** that Plaintiff be **DENIED** *in forma pauperis* status on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED**, this 26th day of August, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA